IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

DOUGLAS CRAIG REID JR.
 and
MARTRICE LAMAR PORTIS

_____/

SEALED
INDICTMENT

3:26cr5-MCR

THE GRAND JURY CHARGES:

COUNT ONE

A. INTRODUCTION

At all times material to this Indictment:

1. A family medical practice ("the Clinic") with multiple clinic locations in Escambia County, Florida, and Santa Rosa County, Florida, was owned and operated by two physicians ("the Physicians") who were licensed to practice medicine in the state of Florida. The Clinic used an electronic medical record ("EMR") system to create and maintain patient records and files.

2. The Physicians were licensed and authorized by the United States Drug Enforcement Administration ("DEA") to write prescriptions to patients for controlled substances so long as the prescription was issued for a legitimate

FILED USDC FLND PN
JAN 20 '26 AM 10:16

Returned in open court pursuant to Rule 6(f)
1/20/2026
Date
United States Magistrate

medical purpose in the usual course of professional practice and met DEA's other regulatory requirements. The Physicians were each assigned DEA registration numbers, which were required to be listed on any prescription for a controlled substance they issued and signed.

3. Lindsay N. McCray, a/k/a "Lindsay Rogers" ("McCray"), was an employee of the Clinic. By virtue of her employment, McCray had authorized access to the Clinic's EMR system.

4. McCray was not licensed or otherwise authorized to prescribe any medications, including controlled substances.

5. Defendant **DOUGLAS CRAIG REID JR.** (**"REID"**) was a pharmacist licensed in the state of Florida. The pharmacies for which **REID** worked were registered and authorized by the DEA to dispense controlled substances so long as the controlled substances were prescribed by a licensed practitioner for a legitimate medical purpose in the usual course of professional practice and met DEA's other regulatory requirements.

6. Oxycodone was a Schedule II controlled substance and marketed commonly as OxyContin, Percocet, and Roxicodone.

7. Hydrocodone was a Schedule II controlled substance and marketed commonly as Lortab and Norco.

## B. THE CHARGE

Between on or about January 1, 2015, and on or about June 25, 2024, in the Northern District of Florida, the defendants,

**DOUGLAS CRAIG REID JR.**
and
**MARTRICE LAMAR PORTIS,**

did knowingly and willfully combine, conspire, confederate, and agree with Lindsay N. McCray, a/k/a "Lindsay Rogers," Alexandra M. Christensen, and other persons:

1. to knowingly and intentionally distribute, dispense, and cause to be dispensed, a controlled substance in an unauthorized manner, and that this offense involved oxycodone and hydrocodone, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

2. to knowingly and intentionally acquire and obtain possession of a controlled substance, namely oxycodone and hydrocodone, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Sections 843(a)(3) and (d)(1).

## C. MANNER AND MEANS

It was part of the conspiracy that:

1. McCray used her access to the Clinic's EMR system to fraudulently print prescriptions for controlled substances bearing the names and DEA

registration numbers of the Physicians without authorization and without any licensed medical practitioner having issued them for a legitimate medical purpose within the usual course of medical practice. McCray issued these fraudulent prescriptions using the names and identifiers of people who were not actual patients of the Clinic, had never seen either of the Physicians, and in many instances were fictitious. McCray then forged the signature of the Physicians on these fraudulently issued prescriptions without their knowledge and permission.

2. McCray then caused various pharmacies in the Northern District of Florida, including ones at which **REID** worked as a pharmacist, to dispense controlled substances, including oxycodone and hydrocodone pills, pursuant to the fraudulently issued and forged prescriptions. The prescriptions were caused to be dropped off by, and filled medications were picked up by, McCray, Alexandra M. Christensen ("Christensen"), Defendant **MARTRICE LAMAR PORTIS** ("**PORTIS**"), and other conspirators at their direction who were not the individuals to whom the prescriptions were issued. These controlled substance medications were then further unlawfully diverted to others, including **PORTIS**, for sale and illegal use.

3. **REID** filled controlled substance prescriptions provided to him by McCray knowing that they were issued in the names of people who did not exist or for whom the medications were not intended and knowing that they had been

forged or otherwise fraudulently issued. **REID** and McCray either split the dispensed pills for further unlawful distribution, or they shared the proceeds McCray received from selling them to **PORTIS** and others.

4. The conspirators performed acts and made statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 21, United States Code, Section 846.

## CONTROLLED SUBSTANCE FORFEITURE

The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

From their engagement in the violation alleged in Count One punishable by imprisonment for more than one year, the defendants,

**DOUGLAS CRAIG REID JR.**
and
**MARTRICE LAMAR PORTIS,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of their interest in:

A. Property constituting or derived from any proceeds the defendants obtained directly or indirectly as the result of such violation.

B.     Property used in any manner or part to commit or to facilitate the commission of such violation.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

i.    cannot be located upon the exercise of due diligence;

ii.   has been transferred or sold to, or deposited with, a third person;

iii.  has been placed beyond the jurisdiction of this Court;

iv.   has been substantially diminished in value; or

v.    has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code,

Section 982(b)(1), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

                              A TRUE BILL:

                              _____
                              FOREPERSON

_____     1/20/26
JOHN P. HEEKIN                            DATE
United States Attorney

_____
ALICIA H. FORBES
Assistant United States Attorney